HALCYON G. BAILEY *vs.* JOSEPH V. CLOSE AND OTHERS.

A divorce suit brought by the wife was settled by an agreement that the wife should withdraw the suit and the husband should convey certain real estate to a trustee for her upon certain conditions to be embodied in the deed. The conveyance was made, the deed referring to the fact that the divorce suit was then pending and was to be withdrawn, and containing a condition that the property should be reconveyed if the divorce suit should be further prosecuted, or if the wife should at any future time bring any suit, bill, or petition against the husband. The wife some time after brought a petition to the court of probate for the removal of her husband as trustee of her property under the statute, which petition was granted. Held, on a bill in equity brought by the husband for the reconveyance of the real estate conveyed by him, that the petition of the wife to the court of probate was not a violation of the condition of the deed and that he was not entitled to a reconveyance.

And held that parol evidence was inadmissible on the part of the petitioner to show that, at the time of the execution of the deed, he refused to execute the same unless such a condition should be inserted as would prevent any legal proceedings of any kind whatever by his wife against him, and that the condition of the deed was inserted for that object.

BILL IN EQUITY to compel a conveyance of certain real estate; brought to the Superior Court in Fairfield county. The facts were found by a committee.

The petitioner, on the 10th day of November, 1865, owned in fee the real estate in question, and on that day conveyed it to the respondent Close, by a deed the material parts of which are as follows:

"Know all men by these presents, that whereas Emily K. Bailey, wife of Halcyon G. Bailey, of Ridgefield, in the state of Connecticut, brought her petition for divorce, which is now pending in the Superior Court for Fairfield County; and whereas it is agreed between the parties, in consideration of the following conveyance, that said suit shall be withdrawn and no further prosecuted: Now, therefore, I, the said Halcyon G. Bailey, for the consideration of the premises, and of one dollar received to my full satisfaction of Joseph B. Close, of Bergen Point, in the state of New Jersey, have bargained, sold and conveyed, and do by these presents, bargain, sell and confirm unto the said Joseph B. Close, the following described real estate (describing it.) To have and to hold

unto the said Joseph B. Close, and his assigns and successors, upon the special trust and confidence that he will apply the use of said estate, and the rents and profits thereof, to the comfortable support and maintenance of Emily K. Bailey and Anna K. Bailey, (daughter of said Halcyon G. and Emily K.,) and should there be other issue of the bodies of said Halcyon G. and Emily K. during their intermarriage, then also to the comfortable support of said issue, during the life of said Emily K., and upon the death of said Emily K. and Halcyon G., then that the said Joseph B. Close shall convey all said estate remaining to the said Anna K. Bailey, and to the other children of said Halcyon G. and Emily K., issue of said intermarriage, should there be any such issue hereafter, to them and their representatives and heirs absolutely and forever; it being expressly understood, and this deed is given upon the express condition, that no suit, bill, or application for a divorce shall ever hereafter be brought by said Emily K. against the said Halcyon G., and that the present suit shall be withdrawn; and should the present suit for divorce be further prosecuted, or should the said Emily K. at any future time bring any suit, bill, or petition against the said Halcyon G., then the said Joseph B. Close shall reconvey the premises to the said Halcyon G. Bailey in as full and ample a manner as in his first estate. In witness whereof &c."

The petition of Emily K. Bailey for divorce referred to in the foregoing deed was withdrawn by her upon the execution and delivery of the deed, and no other petition for divorce has since been brought by her against her husband. She did however in May, 1869, bring a petition to the court of probate for the removal of her husband, as trustee of property which she then owned, which petition was granted. The petitioner thereupon brought the present petition to the Superior Court, alleging that the bringing of the petition to the court of probate by the said Emily was a violation of the condition of his deed, and that he was entitled thereupon to a reconveyance from the respondent Close, for which he prayed. Emily K. Bailey and Anna K. Bailey were also made parties respondent.

On the hearing before the committee the petitioner claimed

that the terms of the deed, properly construed, embraced any legal proceedings brought by his wife against him as well as proceedings directly for a divorce, but in view of any doubt on the subject offered parol evidence that at the time when the deed was drawn he refused to execute it until such a condition was inserted in it as would prevent any legal proceedings thereafter of any kind whatever by his wife against him, and that the final clause of the deed was thereupon inserted for that object. The committee rejected the evidence and the petitioner remonstrated on this ground against the acceptance of the report. ·

The Superior Court reserved the questions as to the acceptance of the report, and as to the decree to be passed upon the facts found, for the advice of this court.

*White* and *Taylor*, for the petitioner, cited 1 Greenl. Ev., §§ 288, 290 ; *Glendale Manufacturing Co.* v. *Protection Ins. Co.*, 21 Conn., 19, 37 ; *Macdonald* v. *Longbottom*, 1 Ellis & Ellis, 977 ; *Baldwin* v. *Carter*, 17 Conn., 201.

*Brewster*, with whom was *Beardsley*, for the respondents.

PARDEE, J.  The expression " *any suit, bill, or petition*" found in the last part of the closing paragraph in the conveyance, separated from the accompanying words and taken by itself, is indeed general ; but before we decide upon its meaning we must restore it to its place and read it in the light of the whole instrument ; and by so doing we shall find that the grantor has restricted its operation by an explicit limitation, twice stated.  In the preamble he sets forth distinctly that " it is agreed between the parties, in consideration of the following conveyance, that said suit shall be withdrawn and no further prosecuted ; " and in the first part of the sentence from which the expression under consideration is taken, he reiterates that it is " expressly understood and this deed is given upon the express condition, that no suit, bill, or application for a divorce shall ever hereafter be brought by said Emily K. against the said Halcyon G., and that the present

suit shall be withdrawn; and should the present suit for divorce be further prosecuted, or should the said Emily K. at any future time bring any suit, bill, or petition against the said Halcyon G., then the said Joseph B. Close shall reconvey the premises to the said Halcyon G. Bailey."

These clauses of limitation are framed of words which are of common use and plain meaning. They show that the grantor sought by the execution of the deed to secure the withdrawal of the suit for divorce then pending, and the prevention of another. They are so clear and explicit as to shut out all doubt as to their import. Whenever limitations, thus carefully stated, and a general expression, are applied as in this instrument to the same subject matter, the former, by a well established rule of construction, are made the superior and controlling words in the deed. *Lampon* v. *Corke*, 5 Barn. & Ald., 606; *Lyman* v. *Clark*, 9 Mass., 235; *Rich* v. *Lord*, 18 Pick., 325; *Jackson* v. *Stackhouse*, 1 Cowen, 122; *McIntyre* v. *Williamson*, 1 Edw. Ch., 34. And the grantor cannot be permitted to prevent the full operation of this rule, by the introduction of parol testimony as to what was his secret meaning or intention when he used them. The petition does not ask for any correction of a mistake in the deed nor does it contain any allegation on the subject.

The Superior Court is advised that the evidence offered was inadmissible, and that the remonstrance should be overruled, the report accepted, and the petition dismissed with costs.

In this opinion the other judges concurred.