AFGO ENGINEERING CORPORATION, Appellant, *v.* THE STATE OF NEW YORK, Respondent.
(Claim No. 23556.)

Third Department, May 8, 1935.

*Byrne, Jeram & Casey* [*Horace B. Casey* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Leon M. Layden, Second Assistant Attorney-General,* of counsel], for the respondent.

BLISS, J.  On October 3, 1930, the claimant entered into a contract with the State to furnish the material and perform the labor for the installation of the heating plant in certain new buildings being erected at Kings Park State Hospital and to complete the same on or before October 1, 1931.  This contract contained the following provision: " Temporary heat shall be provided by the heating contractor for each building or a portion of a building after the same is temporarily enclosed, between October 15th and May 1st, unless otherwise directed by the State, until final certificate is issued in general by the following method:

" The heating contractor shall install his apparatus, piping and radiation within the buildings and shall operate the systems (within the buildings) during the periods of temporary heat."

The State at about the same time also made a contract with the Freudlait Construction Company for the general construction work with the same completion date.  On October 6, 1931, the general construction work was seventy-seven per cent completed and the claimant's work ninety per cent completed.  The construction contractor then became financially involved and in December, 1931, its contract was canceled by the State for failure to progress.  At the time of cancellation the appellant's contract was ninety-three per cent completed.  The State then proceeded to relet the unfinished portion of the general construction and fixed a new completion date in August, 1932, more than ten months subsequent to the original completion date of the general construction and heating contracts.  This second general contractor became financially involved and its contract was canceled in June, 1933.  The appellant received its final payment under its heating contract in June, 1933.  This claim is for the cost of furnishing temporary heat beyond the original completion date.

The interpretation of the contract between the appellant and the State is the only question here.  The State contends that the heating contractor was required to furnish temporary heat until the completion of the general construction contract regardless of any delay or the cause thereof.  The appellant contends that such was not the fair intendment of the parties and that it is entitled to

be paid for temporary heat furnished beyond the original completion date. With this latter contention we are constrained to agree. It is the intent of the parties that must control. The Court of Appeals has written the following with regard to ascertaining the intent of the parties to an ordinary business contract: " Our guide is the reasonable expectation and purpose of the ordinary business man when making an ordinary business contract. It is his intention, expressed or fairly to be inferred, that counts." (*Bird* v. *St. Paul Fire & Marine Ins. Co.*, 224 N. Y. 47.) It was not within the contemplation of the parties to this agreement that the heating contractor should furnish temporary heating indefinitely. The appellant at the time of the making of the contract might have reasonably assumed that the other contractors were financially responsible and they would comply with their contracts. Surely it was not within the contemplation of the parties that the State might extend the completion date. The provision in appellant's contract was not indefinite as to time and did not require appellant to furnish temporary heat for an unlimited period. It should be compensated for temporary heat furnished beyond its completion date.

The amount of claimant's damages was stipulated at $3,000. The judgment should be reversed and the appellant should have judgment in its favor against the State in the sum of $3,000, with interest and costs.

HILL, P. J., RHODES, McNAMEE and HEFFERNAN, JJ., concur.

Judgment reversed on the law and facts, with costs, and judgment directed in favor of claimant against defendant for $3,000, with interest thereon from June 22, 1933, with costs.

The court reverses the following:

The findings of fact contained in the decision of the Court of Claims numbered " 21," " 22," " 23," " 24," " 25," " 26," " 27," and all findings of fact contained in the " conclusions of law."

The findings of fact contained in the State's proposed findings numbered " 14," " 15," " 17," " 18," " 19," and all findings of fact in the conclusions of law.

The court makes the following findings of fact contained in the claimant's proposed findings: " 6," " 17," " 18 " and " 21."

The court disapproves the following conclusions of law of the Court of Claims:

All conclusions of law contained in the decision.

All conclusions of law contained in the State's proposed findings.

The court makes the conclusions of law which are contained in the claimant's proposed findings and were refused by the Court of Claims.