CASCADE AUTOMATIC SPRINKLER CORPORATION, Appellant, *v.* THE
STATE OF NEW YORK, Respondent. *
(Claim No. 22060.)

Third Department, March 21, 1936.

*Parker & Aaron* [*Charles Adkins Baker* and *Harry F. Karst* of
counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*James H. Glavin, Jr.,*
and *Leon M. Layden, Assistant Attorneys-General,* of counsel], for the
respondent.

PER CURIAM. Appeal from judgment of the Court of Claims
dismissing appellant's claim upon the merits.

Appellant had a contract with the State for the installation
of the heating plant in certain buildings at Manhattan State Hospital
and to furnish temporary heat for these buildings during the process
of construction, which contract was to be completed on December
31, 1928. Due to delays not caused by the appellant and an
extension of the completion date granted by the State to the
other contractors, appellant was required to furnish temporary
heat to May 1, 1929. The contract provided that the making
and acceptance of the payment under the final estimate should

* Affg. 147 Misc. 420.

constitute a waiver of all claims by the contractor with one specified exception, which is immaterial here. Before the final estimate the appellant asked the State to compensate it for the cost of temporary heat furnished beyond the completion date, which request was denied. Thereafter the final estimate was issued and claimant accepted payment thereof without further protest or reservation. Appellant failed to file its claim within the time limitation provided by the Court of Claims Act and chapter 694 of the Laws of 1931 was passed conferring jurisdiction upon the Court of Claims to hear and determine the claim provided such claim was filed within six months after the date the act took effect.

The Court of Claims found both that the claim itself lacked merit and that by the execution of the receipt for final payment the appellant waived its claim for any damages for furnishing temporary heat. It also held the enabling act unconstitutional upon the theory that it constituted a gift to the appellant.

The judgment must be affirmed on the authority of *Cauldwell-Wingate Co.* v. *City of New York* (269 N. Y. 539). We do not approve of the construction placed by the Court of Claims upon chapter 694 of the Laws of 1931. The claim itself originally had merit under our decision in *Afgo Engineering Corp.* v. *State of New York* (244 App. Div. 395; affd., 268 N. Y. 716).

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur; RHODES, J., votes to affirm on the authority of *Afgo Engineering Corp.* v. *State of New York* (244 App. Div. 395; affd., 268 N. Y. 716). [For amendment see 248 App. Div. 795; Id. ——.]

Judgment affirmed, with costs.

The court reverses the following findings of fact: " Third," " Fourth," " Fifth " and " Seventh " contained in the State's requests to find; " Thirteenth," " Seventeenth " and " Eighteenth " contained in the decision; and all findings of fact contained in any conclusion of law.

The court makes the following findings of fact: " Fourth," " Eighth," " Ninth," " Tenth," " Eleventh," " Twelfth " and " Thirteenth " contained in the claimant's requests to find; also that the claimant has been paid the sum of $8,764.75 by the State for its work and materials furnished pursuant to said contract.

The court disapproves the following conclusions of law: " Second " and " Fourth " contained in the decision.

The court finds as a conclusion of law the first proposed conclusion of law contained in claimant's requests to find.