JOBBERS CREDIT ASSOCIATION, INC., as Assignee for the Benefit of the Creditors of GEORGE E. GIBSON COMPANY, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 23993.)

Court of Claims, March 10, 1937.

*Wolf & Kohn* [*H. W. Haldenstein* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*John A. Behan, Assistant Attorney-General*, of counsel], for the defendant.

GREENBERG, J. On December 2, 1930, claimant's assignor, George E. Gibson Company, entered into a contract with the State of New York to furnish the material and perform the labor for the installation of the heating and ventilating plant in the Roosevelt Memorial Building, being erected in New York city, and to complete the same on or before July 1, 1932. The State, on the same day, made a contract with J. Harry McNally, Inc., for the general construction work, with the same completion date.

The George E. Gibson Company contract contained the following provisions:

" Temporary heat shall be provided by the Heating Contractor for the new building (or a portion of the building) on and after Oct. 15, 1931 for the periods of time between Oct. 15 and May 1 unless otherwise directed by the State, until final certificate is issued in general in accordance with the following: * * *

" The heating system shall unless otherwise approved be arranged for temporary operation during the periods of temporary heat as a gravity steam system and the necessary temporary stop and air valves shall be provided so that the radiation units may be turned on or off as desired. All radiation shall be temporarily set and shall be moved and reset, reconnected, etc. as may be necessary for properly finishing in back of and adjacent to units.''

The claim is to recover: (1) The cost of maintaining temporary heat beyond the original completion date; (2) cost of extra handling of radiators; (3) cost of repainting tunnel piping; (4) additional fire insurance and surety bond premiums.

There is no dispute as to the amount of damages claimed with respect to the above items, same having been stipulated as being the correct sums for which judgment is to be awarded, if there is any liability against the State.

There is no question as to the liability of the State, for the sum of eighty-five dollars for the repainting of tunnel piping (item 3); same has been conceded by the State.

The claim with respect to the other three items of damage, for the cost of maintaining the additional temporary heat and the extra handling of radiators and the liability for the fire insurance and surety bond premiums, is based upon the fact that the said extra work was done and the liability incurred, as a result of the unreasonable delay of almost three years in the completion of the Roosevelt Memorial, due solely to the failure of the general construction contractor, its subcontractors and the Memorial Completion Corporation, the assignee of the general construction contractor, to complete their work on time, and the failure of the State of New York to compel expeditious performance by the general

construction contractor, its subcontractors and its aforesaid assignee. The original completion date as provided for in the respective contracts was July 1, 1932, but the general construction contract was not completed by the assignee until March 5, 1935.

The State contends that the heating contractor was required to furnish temporary heat until the completion of the general construction contract, regardless of any delay or the causes thereof, and the claimant contends that such was not the fair intendment of the parties and that it should be paid for the cost of maintaining temporary heat beyond the completion date provided for in the contract.

The record discloses that the general construction contractor unreasonably delayed progress of its work; that immediately after commencing operations, it ceased work for a period of from four to six months because of a dispute with the State as to type of marble to be used on the job; and thereafter because of financial difficulties, strikes and other causes not disclosed by the record, the building was not sufficiently inclosed to permit temporary radiation until October, 1933, sixteen months after the completion date of the entire contract, and two years after the date on which temporary heat was contemplated to commence. As a result of which, the George E. Gibson Company furnished heat for the winter of 1933–34 instead of for the winter of 1931–32. The claimant herein, however, does not seek to recover the cost of the maintenance of heat for this period. From October, 1933, until April, 1934, because of the financial difficulties of the general construction contractor, there was a continued delay in the general construction, and in April, 1934, all work by the general construction contractor ceased. During all of this time the State did not declare the contract abandoned nor did it readvertise for new bids or relet the contract; it simply attempted to expedite the work by holding conferences with the general construction contractor and others until June 1, 1934, when the general construction contractor assigned its contract to the Memorial Completion Corporation, which finally completed the work in March, 1935. As a result of all this delay, George E. Gibson Company, the heating contractor, was compelled to maintain temporary heat on premises for the winter of 1934–35 at a cost of $800, which it now seeks to recover.

It certainly was not within the contemplation of the parties to the heating contract that the heating contractor should maintain temporary heat indefinitely.

The delay in the progress of the general contractor's work was so great and unreasonable that it was a virtual abandonment of

the work, and resulted in the necessity of maintaining temporary heat in the building for the year 1934–35.

The facts in this case, in a great measure, are similar to those in the case of *Afgo Engineering Corp.* v. *State* (244 App. Div. 395; affd., 268 N. Y. 716) and the law as determined in that decision is applicable.

The additional fire insurance and surety bond premiums (item 4) were likewise incurred by the heating contractor, by reason of the unreasonable delay in the performance of the general contract, and for the same reason claimant should be reimbursed for such additional expense.

Claimant seeks to recover the cost of rehandling the radiators (item 2) upon the theory that it was compelled to rehandle the radiators installed for temporary heating more often than would have been necessary if the work had progressed expeditiously, and because of the unreasonable delay of the general contractor in the performance of its contract. The contract between the claimant's assignor and the State of New York does not provide for nor indicate the number of operations or movements in handling of the radiators to be installed by George E. Gibson Company. It, however, does provide as follows: " All radiation shall be temporary set and shall be moved and reset, reconnected, etc., *as may be necessary* for properly finishing in back of and adjacent to units."

It was within the contemplation of the parties to said contract that the radiators be moved and reset, etc., as often as may be necessary for properly finishing the walls in back of and the floors underneath and such other parts adjacent to the radiator units. The number of movements of the radiators as appears in the record does not appear to exceed the requirements of the contract; it likewise does not appear that the unreasonable delay in the performance of the construction contract as hereinbefore referred to, necessitated the additional handling of the radiators, and for that reason claimant is not entitled to recover the cost for the rehandling of the radiators.

Requests to find and proposed conclusions of law are not marked as they are deemed refused unless found or embodied in the decision. (Civ. Prac. Act, § 439.)

BARRETT, P. J., concurs.